CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

March 31, 2026

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **CHARLES VINCENT COX,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:25-cv-00500** |
| | ) | |
| **v.** | ) | |
| | ) | **By: Michael F. Urbanski** |
| **OFFICER HAILEY, <u>et</u> <u>al.</u>,** | ) | **Senior United States District Judge** |
| **Defendants.** | ) | |

## <u>ORDER</u>

Charles Vincent Cox, an inmate proceeding <u>pro</u> <u>se</u>, filed this civil action under 42 U.S.C. § 1983. Cox claims that officers at the Southwest Virginia Regional Jail in Duffield, Virginia, used excessive force against him and unlawfully removed his clothing on March 5, 2025, following his arrest. The case is presently before the court on Cox's motion for a preliminary injunction. ECF No. 40. For the following reasons, the motion is **DENIED** without prejudice.

A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 22 (2008). A plaintiff seeking such relief "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of the equities tips in his favor, and that an injunction is in the public interest." <u>Id.</u> at 20. In <u>Winter</u>, the Supreme Court "made clear that <u>each</u> of these four factors must be satisfied to obtain preliminary injunctive relief." <u>Henderson v. Bluefield Hosp. Co., LLC</u>, 902 F.3d 432, 439 (4th Cir. 2018) (emphasis in original) (citing <u>Winter</u>, 555 U.S. at 20, 23).

At this stage of the proceedings, Cox has not met his burden of establishing that preliminary injunctive relief is appropriate. Among other deficiencies, Cox has not shown that "irreparable injury is likely in the absence of an injunction." Winter, 555 U.S. at 22. In the pending motion, Cox alleges that he was recently moved to a different housing unit, that the defendant responsible for the "unlawful stripping" works in the same unit, and that he knows that the defendants are notified of his legal filings. ECF No. 40 at 1. To the extent Cox seeks to prohibit the defendants from retaliating against him for filing this action, his motion does not provide any factual basis to suggest that such retaliation is likely to occur. The Supreme Court has made clear that a preliminary injunction may not be issued simply to prevent "a possibility of irreparable harm." Id.

Additionally, "the decision about where to house any particular inmate is generally committed to the discretion of [state and local correctional] officials, and a federal court must show deference to such decisions." Ofori v. Fleming, No. 7:20-cv-00344, 2021 WL 4527248, *3 (W.D. Va. Oct. 4, 2021) (citing Wetzel v. Edwards, 635 F.2d 283, 288 (4th Cir. 1980)). While Cox may prefer to be confined in a different housing unit, he has not shown that the public interest would be served by requiring jail officials to transfer him to another unit. See Taylor v. Freeman, 34 F.3d 266, 274 n.7 (4th Cir. 1994) (noting, in vacating a preliminary injunction, that the district court failed to adequately account for "the degree to which the public interest is disserved when federal courts assume the role of state prison administrators").

2

For these reasons, Cox's motion for a preliminary injunction, ECF No. 40, is **DENIED** without prejudice. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: March 30, 2026

Michael F. Urbanski
U.S. District Judge
2026.03.30
15:52:44 -04'00'

Michael F. Urbanski
Senior United States District Judge

3